Filed 7/30/26  In re Silavong CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re<br><br>ALIYATHAM SILAVONG<br><br>on<br><br>Habeas Corpus. | B349335<br><br>(Super. Ct. No.<br> XNEGA014273-02) |

ORIGINAL PROCEEDING; petition for writ of habeas corpus.  Superior Court of Los Angeles, Kerry L. White, Judge. Petition granted.

Michael Reed, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Christopher G. Sanchez, John Yang, Deputy Attorneys General, for Respondent.

# I.     INTRODUCTION

In 2021, the Legislature declared "legally invalid" all prior-prison-term sentencing enhancements imposed pursuant to Penal Code section 667.5, subdivision (b)[1] before January 1, 2020, except in cases involving terms for sexually violent offenses. (§ 1172.75, subd. (a).)  Section 1172.75 established a procedure for resentencing individuals serving a term for a judgment that includes such enhancements.  Three years later, the Legislature amended the statute to preclude resentencing for an "individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole [(LWOP)]."  (§ 1172.75, subd. (f).)

Petitioner Aliyatham Silavong, who was sentenced to LWOP but has not been convicted of a sexually violent offense, filed a petition for writ of habeas corpus, arguing the trial court erred when it denied his petition, which had sought relief under, among others, section 1172.75.  In an informal response, the Attorney General argued petitioner was no longer eligible for resentencing under section 1172.75 due to the Legislature's enactment of section 1172.75, subdivision (f), effective January 1, 2025.  According to the Attorney General, section 1172.75, subdivision (f) excludes from resentencing individuals who were convicted of a sexually violent offense *or* sentenced to death or LWOP.  Having examined the text and the legislative history of section 1172.75, subdivision (f), we conclude the Legislature

---

[1]     Unless otherwise specified, all further statutory references are to the Penal Code.

intended to exclude from resentencing only those individuals who were convicted of a sexually violent offense *and* sentenced to death or LWOP. We therefore grant the petition.

## II.  BACKGROUND

In 1993, a jury convicted petitioner of kidnapping for ransom (§ 209, subd. (a)), kidnapping to commit robbery (§ 209, subd. (b)), first degree robbery (§ 211), and attempted premeditated murder (§§ 187, subd. (a), 664). As to each count, the jury found true the allegation that petitioner suffered a prior conviction for robbery, for which he served a prior prison term within the meaning of section 667.5, subdivision (b). The sentencing court sentenced petitioner to LWOP plus 4 years on count 1, and to multiple concurrent life terms on the remaining kidnapping counts. It also imposed a single one-year enhancement pursuant to section 667.5, subdivision (b). We affirmed the conviction and sentence on direct appeal. (*People v. Hong* (Oct. 20, 1995, B082096) [nonpub. opn.].)

Over 30 years later, petitioner filed a petition for writ of habeas corpus and attached a July 20, 2023, letter from counsel informing him that he was eligible for resentencing under Senate Bill No. 483 (SB 483). Effective January 1, 2022, SB 483 enacted section 1171.1, now section 1172.75, which declared invalid all one-year prison prior enhancements alleged under section 667.5, subdivision (b), except those imposed for a sexually violent offense. The statute contemplated that all inmates serving a term that included a now invalid section 667.5, subdivision (b) enhancement would have their sentences recalled and be resentenced by December 31, 2023. (§ 1172.75, subd. (c)(2).)

3

Petitioner alleged no resentencing hearing had been held in his case as of October 2025.  We issued an order to show cause why relief should not be granted.

## III.    DISCUSSION

Section 1172.75 invalidated all sentencing enhancements imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (§ 1172.75, subd. (a).)  This law was proposed and enacted upon recommendation of the Committee on Revision of the Penal Code.  (Sen. Bill Third Reading Analysis of SB 483 (2021–2022 Reg. Sess.), as amended July 15, 2021, p. 4.)  Its purpose was to eliminate "'ineffective'" sentencing enhancements that produce long prison sentences with "'no positive impact on public safety, but are demonstrably injurious to families and communities—particularly Black, Latino, and Native Americans… .'"  (*Id.*, at p. 2.)

As enacted in 2021, this provision required courts to recall and resentence, by no later than December 31, 2023, all inmates serving a prison term that included an enhancement declared invalid by section 1172.75.  (§ 1172.75, subd. (c)(2).)  Despite this statutory deadline, there were "at least a thousand eligible persons … still awaiting resentencing" under section 1172.75 as of mid-2024.  (Assem. Com. on Pub. Safety, Analysis of Sen. Bill No. 285 (2023–2024 Reg. Sess.), as amended June 4, 2024, p. 5 (SB 285).)

In 2024, the Legislature enacted SB 285, which amended section 1172.75 to clarify the categories of inmates eligible for

4

resentencing.  It did so by adding subdivision (f), which provides: "Commencing on January 1, 2025, an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole, who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as provided in subdivision (c), is not eligible for recall and resentencing under this section. This subdivision does not apply retroactively."  (§ 1172.75, subd. (f).)

The Attorney General contends petitioner is ineligible for resentencing under subdivision (f) even though he has not been convicted of a sexually violent offense.  According to the Attorney General, subdivision (f) should be interpreted to exclude from resentencing inmates who were convicted of a sexually violent offense *or* sentenced to LWOP or death.  Petitioner counters that subdivision (f) does not affect his eligibility for resentencing because he is not "an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code *and* sentenced to death or a life term without the possibility of parole."  (§ 1172.75, subd. (f), italics added.)

We review questions of statutory interpretation de novo. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)  "'"When interpreting any statute, our goal is to determine the Legislature's intent and give effect to the statute's purpose.'" (*Iloff v. LaPaille* (2025) 18 Cal.5th 551, 560.)  "'We begin by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]  We do not, however, consider the statutory language 'in isolation.'  ... [W]e construe the words

5

in question "'in context, keeping in mind the nature and obvious purpose of the statute ... .'""" [Citation.]  We also "construe every statute with reference to the whole system of law of which it is a part, so that all may be harmonized and anomalies avoided.'" (*Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310, 330.) ""[T]he statute's plain meaning controls the court's interpretation unless its words are ambiguous.'"" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1057.)  "'If the statutory language is unclear, we may look to legislative history and public policy as aids in determining how best to give effect to Legislative intent.'" (*Iloff v. LaPaille*, [*supra*, 18 Cal.5th] at pp. 560–561.)" (*People v. Robinson* (2026) 120 Cal.App.5th 516, 522, review granted July 15, 2026, S297048 (*Robinson*).)

Our colleagues in the Fifth District Court of Appeal in *Robinson*, *supra*, 120 Cal.App.5th 516 recently considered how to interpret section 1172.75, subdivision (f).  The court first observed that the """ordinary and usual usage of 'and' is as a conjunctive, meaning "'an additional thing,'" 'also' or 'plus.'""" (*Id.* at p. 524.)  Further, the Legislature had used the term "and" and "or" in different parts of subdivision (f), which suggested that "the Legislature 'understood the difference between the typically conjunctive "and" and the typically disjunctive "or."'" (*Id.* at p. 525.)  "It therefore appear[ed] the challenged portion of subdivision (f) was intended to be construed conjunctively to exclude an individual who 'has been convicted of a sexually violent offense ... *and* sentenced to death or a life term without the possibility of parole.'  (§ 1172.75, subd. (f), italics added.)" (*Ibid.*)

The *Robinson* court further noted that even if it were to assume the plain language of section 1172,75, subdivision (f) was

6

ambiguous as to whether it should be read conjunctively or disjunctively, the legislative history supported a conjunctive interpretation. (*Robinson*, *supra*, 120 Cal.App.5th at p. 526.) "Throughout its legislative history, [SB] 285 is described as excluding, conjunctively, individuals who have been sentenced to death or a term of life without the possibility of parole [LWOP] *and* convicted of a sexually violent offense. (E.g., Assem. Com. on Public Safety, Analysis of [SB] 285, as amended June 4, 2024, p. 1 [describing the bill as excluding 'an individual sentenced to death or [LWOP], *and* who has been convicted of a sexually violent offense, as defined, *and* who, as of January 1, 2025, has not had their judgment reviewed and verified by a sentencing court to determine that the individual is serving a term that includes a legally invalid sentence enhancement for a specified prior drug conviction or prior prison or felony jail term' (italics added)]; Assem. Com. on Appropriations, Analysis of [SB] 285, as amended July 3, 2024, p. 1 [describing the bill as specifying that 'a person sentenced to death or [LWOP] who has a conviction for a sexually violent offense is not eligible for resentencing relief relating to specified sentencing enhancements']; Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of [SB] 285, as amended Aug. 19, 2024, p. 4 ['This bill clarifies that persons convicted of the most serious of offenses are not eligible for resentencing under [SB] 483. Specifically, it states that an individual: (1) sentenced to death or LWOP; (2) who has been convicted of a sexually violent offense; and (3) who, as of January 1, 2025, has not had their judgment reviewed and verified by a sentencing court ... is not eligible for recall and resentencing under [SB] 483'].)" (*Robinson*, *supra*, 120 Cal.App.5th at p. 526.) The court further observed that the legislative history demonstrated that

7

SB 285 "was motivated by the resentencing petition of a specific individual who was both convicted of a sexually violent offense and sentenced to death." (*Id.* at p. 527.)

The Attorney General urges us to disagree with *Robinson*, arguing SB 285 was intended to "prevent clogging of the courts" (Assem. Com. on Public Safety, Analysis of SB 285 (2023–2024 Reg. Sess.), as amended June 4, 2024, p. 3) and pointing to language in the legislative history stating the "'bill would make [section 1172.75's resentencing] provisions inapplicable to any inmate currently sentenced to death, to a term of [LWOP], or to an indeterminate life sentence, or to any person currently serving a sentence for a sexually violent offense.'" (Assem. Floor, Analysis of SB 285 (2023–2024 Reg. Sess.), as amended July 3, 2024, p. 1).

The legislative history, however, demonstrates that the statements cited by the Attorney General were directed toward an earlier draft of the provision, which was significantly broader in scope than the enacted version, and unambiguously excluded from resentencing not only inmates sentenced to death or LWOP, but also inmates sentenced to any indeterminate life sentence. (SB 285 (2023–2024 Reg. Sess.), as amended June 4, 2024.) During the Legislative process, the provision's language was narrowed to conform more closely to the bill's stated purpose, which was to "prevent clogging of the courts" by making clear that inmates such as the one who inspired the bill—a "convicted murderer and sexually violent offender serving a death penalty sentence" who nonetheless sought resentencing under section 1172.75—are ineligible for resentencing. (Assem. Com. on Public Safety, Analysis of SB 285 (2023–2024 Reg. Sess.), as amended June 4, 2024, pp. 3, 5.) Thus, while some language in the

legislative history pointed toward an earlier, disjunctive version of section 1172.75, subdivision (f), the Legislature ultimately enacted the narrower, conjunctive version.

As the plain meaning of the text and the legislative history both support a narrow reading of section 1172.75, subdivision (f), we agree with the court's holding in *Robinson* and find that section 1172.75, subdivision (f) applies only to individuals serving a sentence of death or LWOP who are also convicted of a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). Because petitioner was not convicted of a sexually violent offense, he is eligible for recall and resentencing under section 1172.75.

## IV.   DISPOSITION

The petition for writ of habeas corpus is granted. The trial court is directed to recall petitioner's sentence and resentence him in accordance with section 1172.75, subdivisions (c) through (e).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


I concur:



HOFFSTADT, P. J.


9

In re Aliyatham Silavong
B349335


BAKER, J., Concurring


I agree we should grant defendant and appellant's petition for habeas corpus.  I write separately to clarify that I reach that conclusion as a matter of the plain text of Penal Code section 1172.75 without any need to consider the statute's legislative history.  (*In re Ja.O.* (2025) 18 Cal.5th 271, 283 ["If the statutory 'text is unambiguous and provides a clear answer, we need go no further'"].)


BAKER, J.